1  Stephen R. Hormel
   Hormel Law Office, L.L.C
2  17722 E. Sprague Avenue
3  Spokane Valley, WA 99016
   Telephone: (509) 926-5177
4  Facsimile: (509) 926-4318

5              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF WASHINGTON
6              (THE HONORABLE SALVADOR MENDOZA, Jr.)

7  UNITED STATES OF AMERICA,    )
8                                )   2:17-CR-168-SMJ-2
           Plaintiff,             )
9                                )   RESPONSE TO THE PRESENTENCE
     vs.                          )   INVESTIGATION REPORT
10                                )
                                  )
11 CYRA RINA MARIA AMORATI,       )
                                  )
12         Defendant.              )
13 _____ )

14         CYRA RINA MARIA AMORATIC, through counsel, Stephen R. Hormel for

15 Hormel Law Office, LLC, submits the following response to the presentence

16 investigation report (PSIR):

17 1.    The Offense Conduct (ECF No. 71 at 4-10): The PSIR attributes 4 AR-15

18 lowers, a shotgun and 5 grenades located in the motorhome as relevant conduct.

19 (ECF No. 71 at 11).  Ms. Amorati was convicted of providing Mr. Ayers firearms

20 while he was a person prohibited from possessing firearms (Counts 6 and 7). *See*,

21 Plea Agreement at 1 (under seal); (ECF No. 1 at 4-5).   Counts 4 and 5 involved Ms.

22 Amorati filling out ATF Form 4473 for each transaction that involved the purchase

23

24

25 RESPONSE TO THE PSIR
                              1

of the AR-15 lowers that Mr. Ayers possessed involving Counts 6 and 7.[1]

The discovery only contained forms for 2 AR-15 lowers. (ECF No. 84-1 at 9-20 under seal). In addition, Ms. Amorati made it clear later in interviews and in her testimony that the other illegal firearms in the motorhome belonged Mr. Ayers. (ECF No. 84-1 at 29-32 under seal). She was told by Mr. Ayers to claim ownership of all firearms in the motorhome after his arrest. The subsequent interviews and Ms. Amorati's testimony should supplement or clarify the offense conduct in the PSIR since she admitted to lying about matters to law enforcement after Mr. Ayers' arrest and before she came forth with the truth. With Ms. Amorati's clarifications about the numbers of firearms she possessed should result in 2 as evidenced by the discovery, instead of 8 firearms.

2.    <u>Offense Level Computation (ECF No. 71 at 10-12)</u>: The PSIR adds 4 levels to a base offense level of 20 for 8 firearms pursuant to U.S.S.G. 2K2.1(b)(1)(B). *Id.* at 11, ¶ 47. As indicated above, the number of firearms should be 2, involving the AR-15 lowers as evidenced in the discovery that will accompany the Sentencing Memorandum. Ms. Amorati gave several differing accounts of who possessed the firearms located in the motorhome that was used as her and Mr. Ayers' residence. (ECF No. 84-1 at 20-28 under seal).

Ms. Amorati's later interview and testimony establish that Mr. Ayers modified the grenades that were found in the motorhome. (ECF No. 84-1 at 29-32) Mr. Ayers purchased the apparatuses to build the grenades using his mother's credit

---

[1] These documents from discovery will be attached to the Sentencing Memorandum, filed under seal.

RESPONSE TO THE PSIR
2

card and shipping them in Ms. Amorati's name since he was a convicted felon and could not purchase them Thus, those firearms should not be included in the calculation.

In addition, the PSIR adds 2 levels for possession of the "launchers" that could "expel a projectile by the action of an explosion, having a bore diameter of more the ½ inch" pursuant to U.S.S.G. § 2K2.1(b)(3)(B). (ECF No. 71 at 11, ¶ 48). Ms. Amorati's testimony established that she bought the flare launchers. However, Mr. Ayers is the one that converted the launchers into a firearm so they could shoot shotgun rounds. Therefore, this 2 level increase should not apply.

Additionally, the 2 level enhancement does not apply because the definition of destructive device exempts shotguns and shotgun shells. *See*, 26 U.S.C. § 5845(f) ("except a shotgun or shogun shell..."). In addition, the term "shotgun" includes "any ... weapon which may be readily restored to fire a fixed shotgun shell." 26 U.S.C. § 5845(d). For these reasons, the additional 2 level enhancement should not apply.

Without the additional 6 levels added to Ms. Amorati's offense level, the total adjusted offense level should be 17 after a 3 level downward adjustment is applied. This results in a guideline range of 24 to 30 months in prison.

3.    The Defendant's Criminal History (ECF No. 71 at 12) : There are no objections to the Criminal History Category I calculation in the PSIR. (ECF No. 71 at 12, ¶ 62).

4.    Offender Characteristics (ECF No. 71 at 12-15): There are no objections nor clarifications to the personal information contained in the PSIR.

5. <u>Sentencing Options (ECF No. 71 at 15-18)</u>: The PSIR states: "Based upon a total offense level of 23 and a Criminal History Category of I, the guideline imprisonment range is 46 months to 51 months." (ECF No. 71 at 15, ¶ 92). As indicated above, the adjusted offense level should be 17, with a Criminal History Category of I, the sentencing range should be 24 to 30 months imprisonment.

It is recommended that the Court impose up to a 5 year term of probation as will be supported in the Sentencing Memorandum. (ECF No. 71 at 16, ¶ 95) ("The defendant is eligible for not less than 1 year or more than 5 years probation..."),

Dated this 12th day of October, 2018.

                Respectfully Submitted,

                <u>s/ Stephen R. Hormel</u>
                WSBA # 18733
                Hormel Law Office, L.L.C.
                421 West 1st Avenue
                Spokane, Washington 99201
                Telephone: (509) 926-5177
                Facsimile: (509) 926-4318
                Email: steve@hormellaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Timothy Ohms, Assistant United States Attorney.

                <u>s/ Stephen R. Hormel</u>
                WSBA # 18733
                Attorney for Amorati